IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FLORENCE UREVBU,

      Plaintiff,

v.                                                Civil Action No. 3:12-CV-0865-G-BK

OCWEN LOAN SERVICING, LLC,

      Defendant.

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), this case has been referred to the United States Magistrate Judge for pretrial management. The cause is now before the Court for a recommendation on Defendant's *Motion to Dismiss.* (Doc. 7). For the reasons discussed below, the Court recommends that the motion be **GRANTED**.

BACKGROUND

Plaintiff brought this case in state court against Defendant, the loan servicer of her mortgage, in connection with the foreclosure of her home. She alleged in her counseled state petition that in February 2011, Defendant approved a mortgage loan modification, and she made the agreed-upon payments. (Doc. 1-1 at 72). Plaintiff claimed that shortly thereafter, Defendant informed her that she had failed to provide all of the necessary loan modification documentation, refused to accept any further payments from her, and was foreclosing on her property despite its agents' representations that it would not do so and would allow her to modify her loan. *Id.* at 72-75. She sued Defendant for (1) common-law fraud, (2) violation of several sections of the Texas Fair Debt Collection Practices Act ("TDCPA"); and (3) violation of the Texas Deceptive Trade

Practices Act ("DTPA"). She sought to enforce the loan modification agreement, and she sought to recover monetary damages as well. *Id.* at 79.

Shortly after filing her fourth amended petition, Plaintiff's counsel withdrew from representing her in the case. (Doc. 1-1 at 81). Defendant then removed the action to this Court based on diversity jurisdiction. (Doc. 1 at 1-2). Defendant now moves to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Despite being advised to do so, the *pro se* Plaintiff has failed to file a response. (Doc. 10).

## **APPLICABLE LAW**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity because the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted). Simply put, the standard set forth in Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S.Ct. at 1949. A complaint thus is not sufficient if it

merely contains "naked assertions" devoid of factual enhancement. *Id.* When considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In Re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

## ANALYSIS

A.   **Common Law Fraud**

In her complaint, Plaintiff claimed that Defendant committed fraud when its agents persuaded her not to prosecute an earlier lawsuit she had filed against it by assuring her that her loan modification would be reinstated after she sent in a missing page of her modification agreement. Nevertheless, Defendant refused to allow the modification, stopped accepting payments from her, and posted her home for a foreclosure sale. (Doc. 1-1 at 75-76).

Defendant contends that Plaintiff's fraud claim must be dismissed because it is essentially a contract claim and is therefore barred by the statute of frauds. (Doc. 7 at 9-11). When a defendant breaches an alleged agreement, this conduct ordinarily only subjects the defendant to liability in contract, not in tort. *Southwestern Bell Tele. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Although Plaintiff's fraud claim is couched in tort terms, she is essentially complaining about Defendant's breach of its oral agreement to modify her loan. The requirements for an enforceable contract, which will take more than one year to perform, are that it must be (1) in writing and (2) signed by the person to be charged with the agreement. TEX. BUS. & COMM. CODE § 26.01(a)(1), (b)(6). Where, as here, a plaintiff is seeking to recover what she would have gained had the oral promise been performed, the gist of her cause of action is the breach of the unenforceable promise, which is barred by the statute of frauds. *Webber v. M.W.*

3

*Kellogg Co.*, 720 S.W.2d 124, 129 (Tex.App. – Hous.[14th Dist.] 1986).

Here, Plaintiff's purported agreement with Defendant to modify her loan was not intended to be performed within a year because her mortgage was for a 30-year period. (Doc. 7-3 at 2, ¶2); *Katrina*, 495 F.3d at 205 (allowing court to consider certain categories of documents in ruling on a motion to dismiss); *see McCauley v. Drum Serv. Co., Inc.*, 772 S.W.2d 135, 137 (Tex. App. – Hous. [14 Dist.] 1989) (holding that a verbal contract, although it stipulated no definite time for its performance, necessarily required more than a year for its performance and was barred by the statute of frauds); *see also First Nat. Bank in Dallas v. Trinity Patrick Lodge No. 7, K. of P.*, 238 S.W.2d 576, 578-79 (Tex. Civ. App. 1951) (holding that the possibility of performance within one year must have been within the contemplation of the parties; an unforeseen or remote possibility was not sufficient). Next, Plaintiff did not allege that her modification agreement with Defendant was (1) in writing and (2) signed by a representative of Defendant. TEX. BUS. & COM. CODE § 26.01(a), (b)(6). Accordingly, her common law fraud claim, based on Defendant's oral representations, is barred by the statute of frauds and should be dismissed with prejudice.

**B.     Violations of the DTPA**

Plaintiff next alleged in her complaint that Defendant misrepresented its loan modification services and imposed requirements not permitted in loan modification programs, in violation of various DTPA sections. (Doc. 1-1 at 54). Defendant claims that dismissal of Plaintiff's DTPA claims is warranted because she is not a "consumer" as defined by the Act, and a loan modification is not a "good" or "service" within the scope of the Act. (Doc. 7 at 13-14).

The DTPA defines a "consumer" as one "who seeks or acquires by purchase or lease, any

goods or services." TEX. BUS. & COMM. CODE § 17.45(4). "Goods" are "tangible chattels or real property purchased or leased for use." TEX. BUS. & COMM. CODE § 17.45(1). "Services" are defined as "work, labor or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." TEX. BUS. & COMM. CODE § 17.45(2). The extension of credit or borrowing of money does not constitute "goods" or "services" under the DTPA. *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 175 (Tex. 1980); *see also FDIC v. Munn*, 804 F.2d 860, 863 (5th Cir. 1986) (summarizing Texas law as holding that "goods" and "services" do not include intangible chattel such as stocks, money, or loans). Moreover, an individual was held not to be a "consumer" under the DTPA when he alleged that his car was repossessed because a bank refused to lend him money after telling him that it would. *Riverside Nat'l Bank*, 603 S.W.2d at 175.

Plaintiff's situation is analogous to that presented in the *Riverside* case. Defendant, the mortgage loan servicer, refused to modify her loan after allegedly telling her that it would and thereafter foreclosed on her house. The transaction's sole objective was the exchange of this intangible service (loan modification) and is the basis for Plaintiff's complaint, rather than any collateral services that Defendant offered. *See Munn*, 804 F.2d at 864-65 (comparing cases). Under these circumstances, Plaintiff is not a "consumer" within the meaning of the DTPA. *Id.* Moreover, for similar reasons, the loan modification that Plaintiff sought is not a "good" or "service" under the DTPA. *Riverside Nat'l Bank*, 603 S.W.2d at 175; *Munn*, 804 F.2d at 863. Accordingly, Plaintiff's claims under that Act should be dismissed with prejudice.

**C.     Violations of the Texas Debt Collection Practices Act**

Finally, Plaintiff alleged that Defendant violated the following provisions of the TDCPA:

(1) using a deceptive means to collect a debt, in violation of section 392.304(a)(19); (2) misrepresentation of the character, extent, or amount of a consumer debt, in violation of section 392.304(a)(8); (3) collecting or attempting to collect interest, charges, or other fees incidental to the obligation owed, in violation of section 392.303(a)(2); and (4) making harassing telephone calls in an effort to collect a debt in violation of section 392.202(a)(4). (Doc. 1-1 at 53-54).

Defendant contends in its dismissal motion that Plaintiff provided no factual support for these claims. (Doc. 7 at 12-13). The TDCPA prohibits debt collectors from using threats, coercion, or other wrongful practices in the collection of consumer debts. *See Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). As Defendant correctly points out, however, Plaintiff has not provided any facts in her complaint whatsoever that would tend to show that Defendant (1) deceived her in attempting to collect her mortgage payments, TEX. FIN. CODE § 392.304(a)(19); (2) misrepresented anything about the debt itself, TEX. FIN. CODE § 392.304(a)(8); (3) attempted to collect any type of fee, charge, or interest from her, TEX. FIN. CODE § 392.304(a)(2); or (4) harassed her over the telephone while attempting to collect payments from her, TEX. FIN. CODE § 392.304(a)(4). Accordingly, Plaintiff's TDCPA claims are conclusory and thus insufficient to withstand dismissal. *Ashcroft*, 129 S.Ct. at 1949.

**D.     Leave to Amend**

Dismissing an action with prejudice after giving the plaintiff only one opportunity to state a claim is ordinarily unjustified. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings

uncovers no theory and no facts that would subject the present defendants to liability,' we must remand to permit plaintiff to amend his claim if he can do so."). If, however, a plaintiff has had a fair opportunity to make his best case and has not done so, the court should dismiss the complaint with prejudice even if the plaintiff has not had an opportunity to amend. *Jacquez*, 801 F.2d at 792-93. In *Brown*, no second amendment to the complaint was required for the plaintiff to attempt to re-plead his procedural due process claim where the facts alleged by the plaintiff could not, as a matter of law, support such a claim. *Brown*, 804 F.2d at 335. However, the *Brown* court did allow the plaintiff to re-plead two other claims because the record contained facts which strongly intimated that he could plead cognizable causes of action. *Id.* at 336-37.

In this case, Plaintiff should not be given leave to amend her complaint to re-plead her causes of action for fraud and violations of the DTPA because those claims fail as a matter of law for the reasons set forth above. *Jacquez*, 801 F.2d at 792-93. Nevertheless, Plaintiff should be permitted one final opportunity to amend her complaint to add factual support for her TDCPA claims, which may subject Defendant to liability. *Brown*, 804 F.2d at 334, 336-37.

## CONCLUSION

For the reasons set forth above, Defendant's *Motion to Dismiss* (Doc. 7) should be **GRANTED**. Plaintiff, however, should be given 14 days from the date of this Recommendation to amend her complaint to re-plead only her TDCPA claims against Defendant. If Plaintiff does not file an amended complaint that states a TDCPA claim against Defendant within the 14 days allotted for objections to this Recommendation, this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on June 28, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE